UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov
CHAPTER 13 PLAN (Individual Adjustment of Debts)
FIRST AMENDED PLAN

DEBTOR: Sandra Thompson    JOINT DEBTOR:_____    CASE NO.: 13-26831-RAM

Last Four Digits of SS# 9467    Last Four Digits of SS#

**MONTHLY PLAN PAYMENT:** Including trustee's fee of 10% and beginning 30 days from filing/conversion date, Debtor(s) to pay to the trustee for the period of 36 months. In the event the trustee does not collect the full 10%, any portion not collected will be paid to creditor's pro-rata under the plan:
    A.    $1,163.90 for months 1 to 36; in order to pay the following creditors:

Administrative:    Attorney's Fee - $3,650+$1,800 (LMM) = 5,450 TOTAL PAID $500.00
    Balance Due    $4,950 payable $137.50 /month (Months 1 to 36)

Secured Creditors: [Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Liens on Real or Personal Property:

1. Seterus, Inc.
Address: P.O. Box 54420
    Los Angeles, CA 90054    LMM Payment    $ 900.01 /month (Months 1 to 36)
Account No: xxxx24869620

**IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED ON YOU PURSUANT TO BR 7004 and LR 3015-3.**

| Secured Creditor | Description of Collateral and Value of Collateral | Interest Rate | Plan Payments | Months of Payment | Total Plan Payments |
|---|---|---|---|---|---|
| None | | | | | |

Priority Creditors: [as defined in 11 U.S.C. §507]

1. None_____    Total Due $
    Payable    $_____/month (Months____ to ___) Regular Payment $

Unsecured Creditors: Pay $10.00./month (Months 1 to 36 ).

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

Other Provisions Not Included Above: Debtor is paying secured creditor, Lehman Finance Company directly outside the plan. "The Debtor has filed a Verified Motion for Referral to LMM with
Seterus, Inc. ("Lender"), loan number 24869620, for real property located at
790 NW 179 Terrace, Miami, FL 33169. The parties shall timely comply with all
requirements of the Order of Referral to LMM and all Administrative Orders/Local
Rules regarding LMM. While the LMM is pending and until the trial/interim payment
plan or the permanent mortgage modification/permanent payment is established by
the parties, the Debtor has included a post-petition plan payment, absent Court order
to the contrary, of no less than 31% of the Debtor's gross monthly income as a good
faith adequate protection payment to the Lender. All payments shall be considered
timely upon receipt by the trustee and not upon receipt by the Lender.
Until the LMM is completed and the Final Report of Loss Mitigation Mediator is filed,
any objection to the Lender's Proof of Claim on the real property described above
shall be held in abeyance as to the regular payment and mortgage arrearage stated in
the Proof of Claim only. The Debtor shall assert any and all other objections to the
Proof of Claim prior to confirmation of the plan or modified plan.
If the Debtor, co-obligor/co-borrower or other third party (if applicable) and the
Lender agree to a settlement as a result of the pending LMM, the Debtor will file a
Motion to Approve Loss Mitigation Agreement with Lender no later than 14 calendar
days following settlement. Once the settlement is approved by the Court, the Debtor
shall immediately amend or modify the plan to reflect the settlement and the Lender
shall amend its Proof of Claim to reflect the settlement, as applicable.
LF-31 (rev. 01/08/10)

If a settlement is reached after the plan is confirmed, the Debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement.

In the event the Debtor receives any financial benefit from the Lender as part of any agreement, the Debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly.

If the Lender and the Debtor fail to reach a settlement, then no later than 14 calendar days after the Mediator's Final Report is filed, the Debtor will amend or modify the plan to (a) conform to the Lender's Proof of Claim (if the Lender has filed a Proof of Claim) or (b) provide that the real property will be surrendered. If the amended or modified plan provides that the real property is to be surrendered, then the obligations to the Lender will be considered "treated outside the plan" and the Lender shall have in rem relief from the automatic stay as to the real property being surrendered. Notwithstanding the foregoing, Lender may file a motion to confirm that the automatic stay is not in effect as to the real property.

Confirmation of the plan will be without prejudice to the assertion of any rights the Lender has to address payment of its Proof of Claim."

The debtor(s) is hereby advised that the chapter 13 trustee has requested that the debtor(s) comply with 521(f) 1-4 on an annual basis during the pendency of this case. The debtor(s) hereby acknowledges that the deadline for providing the Trustee with their filed tax returns is modified to be on or before May 15 each year the case is pending and that the debtor shall provide the Trustee with verification of their disposable income if their gross household income increases by more than 3% over the previous year's income.

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

Debtor, Sandra Thompson
Date: 11-14-2013

Joint Debtor
Date: _____

LF-31 (rev. 01/08/10)