UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:

CASE NO: 13-26831

Sandra V Thompson
    Debtor(s)
_____/

TRUSTEE'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO MODIFY
AND CERTIFICATE OF SERVICE OF NOTICE OF HEARING
(Increased income and failure to file verification of disposable income)

    Nancy K. Neidich, Standing Chapter 13 Trustee, files this Motion to Dismiss for failure to disclose income or in the alternative Motion to Modify and states as follows:

    1. Based on information provided regarding the debtor's income prior to confirmation, the Trustee believed that the debtor's income was understated on the Schedule I or Statement of Current Monthly Income and Disposable Income Calculation (CMI form).

    2. To avoid an evidentiary hearing on the debtors's income, the parties agreed to yearly income verification.

    3. The debtor's plan states that the debtors would provide copies of their tax returns to the Trustee and provide verification of their disposable income.

    4. According to the debtors' tax returns, the debtors have understated their income and/or have a large increase in income.

    5. The debtor is required to file a statement of the income and expenditures of the debtor and evidence and calculation of how those monthly expenditures and income are calculated.

    6. The debtor's disclosed income on the last filed CMI form was **$41,859.12** .

    7. Debtor's income according to the tax returns was **$65,301.00**

    8. The yearly difference between the income disclosed on the debtor's tax returns and the amount of income disclosed on the CMI (with a 5% increase each year) was **$1779.08 per month** *(amount of undisclosed income per month.)*

    9. The total payment to unsecured creditors is **$360.00** .

    10. The Supreme Court in *Hamilton v. Lanning* (560 US ___, 2010) has interpreted the disposable income due under a plan to be forward looking.

    11. The debtors have not filed an amended CMI form (or if under median an amended

Schedule I and J), and concurrently provided the Chapter 13 Trustee with evidence that is self-explanatory and calculation of ALL expenses not derived directly from the US Trustee's web site. All non-IRS standard expenses must also include a short explanation and documentation of why it is reasonable and necessary.

    WHEREFORE, the Trustee requests that this case be dismissed as the debtors have failed to file the documents required under 11 U.S.C. §521(f) and provide the evidence and calculation of all expenses not determined by the IRS standards.

    I hereby certify that a true and correct copy of the foregoing and the notice of hearing generated by the Clerk of the Court was served through ECF on debtor's attorney and to the debtor at the address below by US Mail on March 2, 2016.

Sandra V Thompson
790 NW 179 Terrace
Miami, FL  33169

                              Submitted by
                              NANCY K. NEIDICH, ESQUIRE
                              STANDING CHAPTER 13 TRUSTEE

                              AMY E. CARRINGTON, ESQUIRE
                              FLORIDA BAR NO: 0101877
                              P.O. BOX 279806
                              MIRAMAR, FL 33027
                              (954) 443-4402